(135 So. 310)

## HUGHES v. STATE.

### 7 Div. 712.

Court of Appeals of Alabama.

Feb. 24, 1931.

Rehearing Denied April 21, 1931.

Joe Brown, of Gadsden, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

BRICKEN, P. J.

The indictment charged this appellant with the offense of assault with intent to murder one P. M. Turner. The trial resulted in his conviction of an assault upon said Turner, and the jury assessed a fine against him of $500, to which the trial court added six months hard labor for the county. The record and judgment is in all things regular and without error.

No special charges were requested nor was there a motion for a new trial. The insistences of error are confined to exceptions reserved to the court's rulings upon the admission of evidence, and to other exceptions incident to the conduct of the trial.

The evidence adduced upon the trial was in sharp conflict. That for the state tended to make out a case as charged in the indictment, and, if the state's contention was the true version of the difficulty, we do not think the appellant could properly complain at the result of the trial wherein he was adjudged guilty of a misdemeanor only. The defendant insisted he was guilty of no offense; he offered evidence tending to sustain him in this insistence. The jury, however, decided adversely to the contention of defendant, and, under the evidence, we are of the opinion that they were justified in so finding. Numerous exceptions to the rulings of the court upon the admission of evidence were reserved and are here insisted upon as error. Practically all of these exceptions were to rulings on evidence which related to the res gestæ. It appears from the transcript that the court in a very fair and

impartial manner undertook to, and did, carefully safeguard the substantial rights of the defendant. We discover no reversible error in any of the rulings in this connection. To separately discuss the numerous insistences of appellant would be a useless undertaking and could serve no good purpose. The points of decision involved are simple and elementary. The same applies to other rulings complained of. Every exception, as well as the well-prepared brief of able counsel for appellant, has had our careful consideration, and in no instance do we discover any ruling of the court calculated to erroneously affect the substantial rights of the accused. This is the test to be applied upon appeal. As stated, the evidence was in conflict. Two divergent theories were presented and insisted upon. Upon the jury rested the burden of considering and weighing the evidence and the further duty of resting its findings upon the facts submitted to them for consideration. Certainly, if the evidence of the injured party and his witness was true, the accused could not be held blameless for his participation in the general mêlée in which numerous shots were fired. Appellant admitted he had a pistol on the occasion in question, but insisted he did not fire it. There was evidence which tended to show that he did fire the pistol on that occasion, and other evidence to the effect that the admitted empty shell in the pistol had been recently fired. Patrolman Bates, state's witness, stated he had been handling pistols twenty years on the police force, that he could tell by examination when a pistol had been "fresh shot," and that within a very few minutes (5 minutes) after the shooting he went to the scene of shooting with another officer and found defendant at the top of his office steps with a pistol in his hand, that he took the pistol and examined it, etc. It was therefore proper for the court to allow this witness to testify that this appellant's pistol at that time contained one empty shell, fresh shot, and four loaded cartridges.

As stated, the sufficiency of the evidence is not challenged, and reversal is asked only upon the rulings of the court above mentioned. As we find no reversible error, it is ordered and held that the judgment of conviction from which this appeal is taken will stand affirmed.

Affirmed.